Argued and submitted November 27, 1985, reversed and remanded February 26, reconsideration denied March 28, petition for review allowed May 28, 1986 (301 Or 165)

# STATE OF OREGON,
*Appellant,*

*v.*

# DONALD FARLEY,
*Respondent.*

## (84-1870-C; CA A35584)

714 P2d 1079

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman Judges.

WARREN, J.

## WARREN, J.

Defendant was charged with feloniously driving while suspended under *former* ORS 487.560, *repealed by* Or Laws 1983, ch 338, § 978 (effective January 1, 1986). The trial court dismissed the indictment on the ground that defendant's guilty plea to driving under the influence of intoxicants, based on the same criminal episode, bars prosecution of the present charge. The state appeals.

Defendant was arrested on November 1, 1984, for driving under the influence of intoxicants and driving while suspended. Both charges were filed in the district court, where defendant was cited to appear on November 8. The district attorney filed a motion to consolidate the charges on November 6; the trial court, for no apparent reason, did not sign the order submitted with the motion. Defendant did not appear on November 8, and the district court issued a warrant for his arrest on November 9. He was indicted on the present charge of driving while suspended on November 20, and the circuit court issued a warrant for his arrest on November 21, when the indictment was filed. On the same date the district attorney filed a motion to consolidate the charges in circuit court; again the order was not signed. Defendant was not served with either motion to consolidate.

Defendant was arrested on the warrants on January 15, 1985. On January 16, he pled guilty in the district court to driving under the influence. He was arraigned on the present charge in circuit court on January 31. The judge recognized a possible double jeopardy issue and appointed counsel for defendant. Defendant moved to dismiss the charge of driving while suspended, relying on ORS 131.515(2) and the Oregon and United States Constitutions. The trial court dismissed the charge on March 20.

ORS 131.515 provides, in pertinent part:

"Except as provided in ORS 131.525 and 131.535:

"* * * * *

"(2)   No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

The state contends that the exception to ORS 131.515 found in ORS 131.525(2) precludes defendant's guilty plea on the DUII charge from barring this prosecution. ORS 131.525(2) provides:

> "A plea of guilty or resulting judgment is not a bar under ORS 131.515(2) to a subsequent prosecution under an accusatory instrument which is filed no later than 30 days after entry of the guilty plea. The defendant's prior plea of guilty or resulting judgment, notwithstanding ORS 135.365, shall be vacated upon motion by the defendant if made within 30 days after defendant's arraignment for the subsequent prosecution. The provisions of ORS 135.445 apply to such a vacated plea or resulting judgment and any statements made in relation to those proceedings."

*State v. Brown,* 262 Or 442, 458, 497 P2d 1191 (1972), held that the state may not bring separate prosecutions for different offenses which arise out of the same act or transaction when "the charges could have been tried in the same court, and * * * the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." The court characterized its ruling as constitutional. Subsequently the holding of *Brown* was enacted as legislation and codified as ORS 131.515(2). Or Laws 1973, ch 836, §27. In *State v. Gardner,* 71 Or App 590, 693 P2d 1303 (1985), we applied the statutory rule, in lieu of Article I, section 12, to bar a subsequent prosecution for an offense which arose out of the same criminal episode as one to which the defendant had pled guilty. We also noted that a recent amendment to the criminal code, not then applicable, adding ORS 131.525(2), "may preclude a 'race to the courthouse' to establish a double jeopardy defense by a guilty plea to a related offense." 71 Or App at 597 n 4. This is the first opportunity which we have had to apply ORS 131.525(2).

■ We agree with the state and hold that prosecution of the current charge of driving while suspended is not barred by defendant's guilty plea to driving under the influence of intoxicants. There is no dispute but that the two charges are "based on the same criminal episode" as that term is used in ORS 131.515(2). The indictment in this case was filed on November 21, which was *before* defendant pled guilty to the other charge on January 16 and was "no[t] later than 30 days after entry of the guilty plea." ORS 131.525(2) provides that

defendant's guilty plea does not bar this prosecution. The statute allowed defendant to move to vacate the previous plea and judgment within 30 days of his January 31 arraignment on the present charge. He did not do so. If ORS 131.525(2) is constitutionally valid, the trial court erred in dismissing the charge.

■ Defendant contends that ORS 131.525(2) violates Article I, section 12, relying on *State v. Brown, supra.* He does not make any argument based on the federal constitution on appeal. ORS 131.525(2) is not unconstitutional under the Oregon Constitution. By allowing a defendant to move to vacate a guilty plea or resulting judgment, ORS 131.525(2) eliminates any jeopardy effect of a guilty plea to the prior offense. ORS 131.525(2) does not apply to the traditional double jeopardy situation in which a defendant pleads *not* guilty to an offense and is either acquitted or convicted after trial. A subsequent prosecution for an offense based on the same criminal episode as an offense to which a defendant has pled not guilty *is* barred by ORS 131.515(2); that is the situation with which *State v. Brown, supra,* was concerned.

Defendant also argues that ORS 131.525(2) violates Article I, section 20.[1] He contends that ORS 131.525(2) allows a person charged with the same crime as defendant to avoid a subsequent prosecution for an offense arising out of the same episode by pleading "no contest" rather than guilty, when the other effects of the two pleas are the same. We do not think that defendant's or the state's rights would have been any different had he pled no contest. The judgment resulting from a no contest plea is a conviction of the offense to which the plea is made. ORS 135.345.

■ Even if a judgment resulting from a no contest plea would bar a subsequent prosecution for an offense arising from the same criminal episode, defendant's privileges and immunities attack is not well taken. In *City of Salem v. Bruner,* 299 Or 262, 702 P2d 70 (1985), the defendant claimed that when a police officer's choice to cite him with violation of

---

[1] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

either a state statute or a city ordinance and to cite him into either municipal court or district court affected the scope of review available on appeal, he was denied the constitutional right to equal privileges and immunities. The court held:

> "* * * Whenever a person is denied some advantage to which he or she would be entitled but for a *choice made by a government authority,* Article I, section 20, requires that the government decision to offer or deny the advantage be made 'by permissible criteria and consistently applied.' * * *" 299 Or at 268-69. (Emphasis supplied.)

We understand the court to mean that when the government chooses which of two or more alternative procedures to apply to a person, and one of them is more disadvantageous to that person, the decision must be based on constitutionally permissible criteria consistently applied. It appears that the omission of no contest pleas from ORS 131.525(2) may have been due to legislative oversight; however, defendant cannot base a privileges and immunities attack on the putative different double jeopardy effect of two pleas when it is *his choice* and not the government's which determines which results follow.

Reversed and remanded.