Argued and submitted July 2, Court of Appeals reversed and judgment of the circuit court affirmed September 16, 1986

STATE OF OREGON,
*Respondent on Review,*

*v.*

DONALD FARLEY,
*Petitioner on Review.*

(TC 84-1870-C; CA A35584; SC S32706)

725 P2d 359

Ernest E. Estes, Deputy Public Defender for Oregon, Salem, argued the cause for petitioner on review. With him on the petition was Gary D. Babcock, Public Defender for Oregon, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the

response to the petition were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

LINDE, J.

## LINDE, J.

In this case and in *State v. Ellison,* also decided today, the Court of Appeals rejected claims by defendants charged with driving when their licenses were suspended[1] that they were "put in jeopardy twice for the same offence," contrary to Article I, section 12, of the Oregon Constitution. We hold that the claim should have been sustained in one case and not in the other.

Donald Farley, the defendant in this case, was arrested for and charged with driving under the influence of intoxicants (DUII)[2] as well as driving "while suspended" (DWS). Misdemeanor charges originally were filed in the District Court for Josephine County, and the district attorney moved to consolidate them, but for unexplained reasons no order to that effect was signed. Before trial, defendant was indicted for DWS as a felony, and the district attorney attempted to have the charges consolidated in the circuit court, again unsuccessfully. Defendant pled guilty in district court to the DUII charge. Subsequently, the circuit court dismissed the felony DWS charge on grounds of former jeopardy.

On the state's appeal, the Court of Appeals decided that the obstacle of defendant's former jeopardy was overcome because the statute allowed defendant to withdraw his guilty plea to the DUII charge, which defendant declined to do. The Court of Appeals reversed the dismissal of the DWS charge and remanded the charge to the circuit court for further proceedings. *State v. Farley,* 78 Or App 102, 714 P2d 1079 (1986). We reverse the Court of Appeals and reinstate the judgment of the circuit court.

The Court of Appeals relied on a 1983 amendment to ORS 131.525, which qualified the rule against separate prosecutions stated in ORS 131.515(2). ORS 131.515(2) provides:

> "No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor

---

[1] *Former* ORS 487.560 (*repealed by* Or Laws 1983, ch 338, § 978; now ORS 811.175).

[2] *Former* ORS 487.540 (*repealed by* Or Laws 1983, ch 338, § 978; now ORS 813.010).

at the time of commencement of the first prosecution and establish proper venue in a single court."

The 1983 amendment, ORS 131.525(2), provides:

"A plea of guilty or resulting judgment is not a bar under ORS 131.515(2) to a subsequent prosecution under an accusatory instrument which is filed no later than 30 days after entry of the guilty plea. The defendant's prior plea of guilty or resulting judgment, * * * shall be vacated upon motion by the defendant if made within 30 days after defendant's arraignment for the subsequent prosecution. * * *"

The Court of Appeals observed that ORS 131.525 was enacted to preclude a defendant's "race to the courthouse" to establish double jeopardy by a guilty plea to a related offense. *State v. Farley, supra,* 78 Or App at 105. The statute seeks to preclude such action by allowing the second prosecution to go forward under an accusatory instrument filed within 30 days after the guilty plea and vacating the guilty plea on defendant's motion.

The Court of Appeals decided that this device was constitutional by distinguishing convictions on guilty pleas from convictions or acquittals after trial. The court wrote:

"ORS 131.525(2) is not unconstitutional under the Oregon Constitution. By allowing a defendant to move to vacate a guilty plea or resulting judgment, ORS 131.525(2) eliminates any jeopardy effect of a guilty plea to the prior offense. ORS 131.525(2) does not apply to the traditional double jeopardy situation in which a defendant pleads *not* guilty to an offense and is either acquitted or convicted after trial."

78 Or App at 106. In this court, the state concedes that the constitutional issue cannot turn on this distinction. Its brief notes:

"* * * it is well settled that if jeopardy of constitutional dimensions arises at all, it arises no less upon a conviction based on a plea of guilty than it arises when a defendant goes to trial upon a plea of not guilty. We agree that any suggestion to the contrary in the opinion of the Court of Appeals in *State v. Farley* is erroneous, and should be rejected."

A conviction upon a plea of guilty is nonetheless jeopardy though the state later offers to vacate the conviction on the defendant's motion. If vacating the prior conviction sufficed to circumvent the constitutional bar, we do not know why the device might not equally be extended to vacating a

conviction after trial in order to prosecute the defendant on a different charge. The state therefore argues that irrespective of ORS 131.525(2), the state did not place this defendant twice in jeopardy for his unlawful driving when it first convicted him because he drove while intoxicated and then put him on trial because his license also was suspended at the time.

This court divided on the criteria for determining whether two prosecutions were for the "same offense" in *State v. Brown*, 262 Or 442, 497 P2d 1191 (1972), and *State v. Hammang*, 271 Or 749, 534 P 2d 501 (1975). In *Brown*, defendant had pled guilty to a charge of carrying a concealed weapon and thereafter was put on trial for being a convicted person in possession of a firearm. In an extensive opinion, the court reviewed the flaws of a test that would identify the "same offense" only by whether successive charges involved identical elements or whether each required evidence not needed for the other. It observed that the proliferation of statutory crimes created many new opportunities to charge that a defendant previously acquitted or convicted of violating one statute also had violated another prohibition involving one different fact, so that "the traditional 'same evidence' test provides virtually no protection against repeated prosecutions based on a single act or course of conduct." *State v. Brown, supra*, 262 Or at 448. The court concluded:

> "We are convinced that the 'same evidence' test does not provide adequate protection, under modern conditions, from the evils contemplated by the double jeopardy guarantee. We hold that under Article I, Section 12, of our Constitution, statutory violations may be the 'same offense' for purposes of testing a second prosecution, even though each contains different elements and requires proof of different facts."

262 Or at 453. After reviewing compulsory joinder rules recommended by the American Law Institute, the American Bar Association's Minimum Standards for Criminal Justice, the House of Lords and a number of states, the court held that a second prosecution is for the "same offense" if the charges arise out of the "same act or transaction," could have been tried in the same court, and were or could have been known to the prosecutors at the time of the first prosecution. 262 Or at 457-58.

In *State v. Hammang* the "same act or transaction"

claim arose in a very different setting. In the course of a violent feud at a campground, defendant participated in stealing pistols from a store and some hours later in a murder committed with one of the stolen weapons. Defendant first was charged with and pled guilty to the theft of the guns. Later indicted for murder, he claimed prior jeopardy on grounds that the events constituted a single transaction and were or should have been known to the prosecutor when defendant was arraigned on the theft charge.

To avoid what the court characterized as an "absurd result," 271 Or at 758, the court might have held that a murder of a previously unforeseen victim committed several hours later and at a different location from a theft of a weapon used in the killing fell outside *Brown's* "same act or transaction" test for the "same offence" under Article I, section 12. The constitutional question, however, became confused with a debate between the majority and two dissenters about the interpretation of the quoted words and of the "same criminal episode" in the criminal procedure statutes enacted subsequent to *Brown,* in 1973. 271 Or at 757-62. In this setting, the *Hammang* majority's treatment of *Brown* was brief and somewhat cryptic. The opinion first stated that "the danger of undue harassment seen in *State v. Brown* is not present" because the defendant himself had elected to plead guilty to the first charge. 271 Or at 756. Then, in discussing ORS 131.505 and 131.515, the majority stated that the dissenters failed "to distinguish between cases of multiple proceedings involving a single offense and cases of separate prosecutions of offenses growing out of the same act or transaction." *Id.* At this point, the opinion added this footnote:

> "This analytical error was also present in *State v. Brown, supra.* In *Brown* we were solely concerned with the question of whether the 'same evidence' test of double jeopardy satisfied the requirements of our Constitution and not with the stage at which criminal proceedings may begin to constitute harassment. Thus, no direct attention was paid to the fact that defendant Brown had pleaded guilty to the lesser of two outstanding charges which were based upon the same criminal act. The Oregon doctrine of double jeopardy has now evolved sufficiently to present this doctrinal refinement for our consideration. Because we find that the policies underlying the doctrine do not justify the result in *Brown,* it is expressly

overruled. This decision, however, is in no way a repudiation of *Brown's* rationale."

271 Or at 756 n 4. The text continued by stating that avoiding prosecutions for "the same offense" differs from extending the double jeopardy doctrine "to require joinder of charges growing out of distinct offenses which are factually related." 271 Or at 757.

In sum, *Hammang* did not redefine what is "the same offense" and what are "distinct offenses that are factually related." It did not purport to overrule *State v. Brown* on that issue; on the contrary, the quoted footnote expressly disclaimed any "repudiation of *Brown's* rationale." The members of the *Hammang* majority reaffirmed their rejection of the "same evidence" test in *Brown* three years earlier, in which only one judge had dissented. They overruled the specific result in *Brown* on the ground that "no direct attention was paid to the fact that defendant Brown had pleaded guilty to the lesser of two outstanding charges which were based on the same criminal act." 271 Or at 756 n 4. As we have noted above, the state agrees, and we hold, that a conviction on a guilty plea cannot be distinguished from a conviction after trial or an acquittal as former jeopardy.[3] Therefore, the footnote *dictum* erred in overruling *Brown,* and *State v. Hammang* does not resolve the present case.

When guilty pleas are not excluded from former jeopardy, we must examine whether defendant's second conviction was for "the same offence" as the first conviction for purposes of the constitutional guarantee, the issue that the court decided in *Brown* but avoided in *Hammang.* If the guarantee is to be effective, the fact that a defendant's conduct violated more than one statute cannot be conclusive.

In this case, defendant's conduct was a single act even more than the conduct in *State v. Brown.* In *Brown,* the defendant not only was a convicted person who was forbidden to have a firearm; he also took the further forbidden step to

---

[3] In *State v. Knowles,* 289 Or 813, 618 P2d 1245 (1980), Justice Tanzer, in an extensive critique of *Brown* and *Hammang,* found *Hammang's* distinction between convictions after a plea of guilty and after trial "not persuasive." Although critical of the *Brown* formula, he observed that "the court retains its primary concern in *Brown* that the same evidence test alone may not provide 'a realistic limitation on successive prosecutions by the state.'" 289 Or at 839 (Tanzer, J., concurring).

conceal the firearm. He could be convicted of both, *see State v. Cloutier,* 286 Or 579, 600-02, 596 P2d 1278 (1978), but not in successive prosecutions. The present defendant's single forbidden act was driving a car. There is no law against drinking alcohol to the point of being under its influence, and no law requires everyone to have a driver's license. Intoxication and lacking a license indeed are elements of separate statutes that the defendant's single act of driving may have violated, but he cannot be twice put in jeopardy for the same act of driving if we are to preclude harassment by successive prosecutions against which the guarantee is directed. The circuit court correctly dismissed the second prosecution.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is affirmed.