Argued and submitted December 21, 1988, affirmed February 22, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## SUZY MARIE SCHAFFRAN,
*Appellant.*

(87CR286; CA A47596)

769 P2d 230

Steven V. Humber, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Michael Livingston, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Frank Gruber, Assistant Attorney General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds,* Judges.

GRABER, P. J.

---

* Edmonds, J., *vice* Warden, J., retired.

## GRABER, P. J.

Defendant appeals convictions for manslaughter, ORS 163.125, two counts of assault in the third degree, ORS 163.165, and furnishing alcohol to a minor, ORS 471.410, all of which arose from a fatal automobile accident in which she was the driver. She asserts that her previous plea of guilty to criminally negligent homicide, ORS 163.145, rendered her subsequent trial on the other charges a violation of her right not to be put in jeopardy twice for the same offense. Or Const, Art I, § 12. We affirm.

On May 9, 1987, defendant drove three friends, two of whom were minors, to a spot along the Chetco River near Brookings. All four drank from a bottle of whiskey that defendant provided. They then left to return to Brookings along the two-lane, winding road, with defendant again driving. Along the way she lost control of the car, and it rolled over at least once. No one was wearing a seat belt, and two of the passengers were thrown out of the car. One passenger died immediately, and the other two suffered serious injuries; defendant was the least seriously injured. A test of her blood three hours after the accident showed an alcohol content of .173 per cent.

Defendant was charged in one indictment with one count of manslaughter, one count of criminally negligent homicide, two counts of assault in the third degree, and one count of furnishing alcohol to a minor. The manslaughter and criminally negligent homicide counts each related to the passenger who died, while each of the assault counts related to one of the injured passengers. The indictment alleged that all offenses were part of the same act and transaction.

Defendant originally pled not guilty to all five charges, but she later moved to change her plea to guilty on the charge of criminally negligent homicide. The state opposed her request on the basis that a conviction on that count might constitute jeopardy on the others and prevent further prosecution. The trial court concluded that accepting the guilty plea would not affect the trial of the other charges and therefore allowed defendant to change her plea. It first asked her if she understood that she could still be subject to "other sentences * * * in addition" on the other charges. She said that she did.

On the morning of the manslaughter trial, defendant moved to dismiss the charge on the ground of former jeopardy because of the guilty plea to the criminally negligent homicide charge. The trial court denied the motion and, after a trial to the court, found defendant guilty on all counts.

Under Article I, section 12, a person may not be put twice in jeopardy for the "same offence [*sic*]." In *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), the Supreme Court held that a second prosecution is for the same offense "if the charges arise out of the 'same act or transaction,' could have been tried in the same court, and were or could have been known to the prosecutors at the time of the first prosecution." *State v. Farley,* 301 Or 668, 672, 725 P2d 359 (1986). The manslaughter and criminally negligent homicide charges are unquestionably the same offense under those tests.[1] The state argues, however, that the circumstances in which defendant pled guilty constituted a waiver of her right to be protected from double jeopardy. We agree.[2]

In *State v. Boyd,* 271 Or 558, 568-569, 533 P2d 795 (1975), the Supreme Court suggested that the preferable procedure when there is a potential problem involving multiple charges is for the prosecutor to move to join all of the charges. The defendant may acquiesce in or oppose the joinder, and the court should normally accept the defendant's choice. If the court does so, any objections that the defendant might have would be waived. A defendant's election under the *Boyd* procedure is, thus, a waiver of the right to object on double jeopardy grounds. *State v. Black/Tuttle,* 89 Or App 359, 362-363, 749 P2d 1185, *rev den* 305 Or 577 (1988).

---

[1] In the trial court, defendant did not attack the assault or furnishing alcohol counts on former jeopardy grounds. She asserts that we should nevertheless consider those issues on appeal, on the ground that the trial court's failure to dismiss the charges was plain error. ORAP 7.19(5). Because of our disposition of the manslaughter count, an issue that she did raise below, we do not need to reach that question.

[2] Although defendant pled guilty to criminally negligent homicide, the court did not enter a conviction on that charge. Instead, after the trial and the finding of guilty on the manslaughter charge, it dismissed the criminally negligent homicide count. Oregon double jeopardy cases generally refer to "convictions on guilty pleas," *State v. Farley, supra,* 301 Or at 671, rather than to "guilty pleas" by themselves. The state does not argue that the lack of a conviction on the criminally negligent homicide count at the time of the trial by itself negates defendant's double jeopardy claim. Because we affirm the trial court's judgment for the reasons that the state does raise, we do not consider that issue.

In this case, the prosecutor joined all the charges in one indictment. Defendant's request to plead guilty, therefore, was an election under *State v. Boyd, supra,* to sever the criminally negligent homicide count from the rest of the indictment, and she knew the effect of her plea when she made it. The colloquy with counsel that preceded the court's acceptance of the plea and the questions that the court asked defendant directly made it clear that, in the court's opinion, the rest of the indictment would stand despite the plea. When the trial court accepted her plea of guilty over the state's objection, defendant had waived any possible double jeopardy claim.[3]

Affirmed.

---

[3] By her guilty plea, defendant also waived her rights under ORS 131.515(2). *See also United States v. Broce,* ____ US ____, 109 S Ct 757, 102 L Ed 2d 927 (1989.)