Argued and submitted April 1, affirmed September 16, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## MATTHEW S. WILSON,
*Appellant.*

## (CM91-0068; CA A69739)

836 P2d 1380

Richard F. Alway, Salem, argued the cause for appellant. With him on the brief was Winslow, Alway & Craig, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals the trial court's denial of his motion to dismiss the indictment charging him with first degree burglary, ORS 164.225, on the ground of double jeopardy. We affirm.

On December 4, 1990, a Linn County grand jury issued an indictment accusing defendant of first degree theft of certain firearms, ORS 164.055, committed between November 23 and 25, 1990. The second count alleged theft by receiving of the same firearms and certain other property also belonging to the same victim. ORS 164.095.

On January 9, 1991, a Benton County grand jury indicted defendant on the charge of first degree burglary. ORS 164.225. The indictment alleged that, on November 23, 1990, defendant burglarized the residence of the owner of the property described in the Linn County indictment. Defendant was arraigned on this charge on January 25, 1991.

On February 14, 1991, defendant pled guilty to the charge of theft by receiving in Linn County, and the other theft charge was dismissed. On February 20, 1991, defendant moved to dismiss the burglary charge in Benton County on the basis that his constitutional and statutory rights against double jeopardy barred the prosecution for burglary after his guilty plea to theft. By a letter opinion dated March 1, 1991, the trial court denied his motion to dismiss. Although defendant would have been permitted by ORS 131.525(2) to vacate his plea of guilty to the Linn County theft charge, he did not, and, on March 25, 1991, he was tried before a jury in Benton County and found guilty of first degree burglary.

Defendant concedes that, because the burglary and theft by receiving charges were not the "same offense," neither ORS 131.515(1)[1] nor any state or federal constitutional provision bar his prosecution for burglary. However, he argues that the trial court erred in denying his motion to dismiss the burglary prosecution, because the two crimes were part of the "same criminal episode." ORS 131.515(2) provides:

---

[1] ORS 131.515(1) provides:

"No person shall be prosecuted twice for the same offense."

"No person shall be separately prosecuted for two or more offenses based upon the *same criminal episode*, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court." (Emphasis supplied.)

The trial court found that the offenses were known to the prosecutors at the appropriate time and that proper venue was established. ORS 131.315(6), (7).[2] However, it also found that

"defendant's act of committing Burglary I on November 23, 1990 is not part of the same 'criminal episode' as his acts in possessing the stolen guns on November 25, 1990."

The court also considered the application of ORS 131.525(2),[3] which provides, in part:

"A plea of guilty or resulting judgment is *not a bar under ORS 131.515(2)* to a subsequent prosecution under an accusatory instrument which is filed no later than 30 days after entry of the guilty plea. The defendant's prior plea of guilty or resulting judgment, notwithstanding ORS 135.365, shall be vacated upon motion by the defendant if made within 30 days after defendant's arraignment for the subsequent prosecution." (Emphasis supplied.)

Because it provides that a guilty plea "is not a bar under ORS 131.515(2)" if the other conditions of the statute are met, ORS 131.525(2) does not preclude a subsequent prosecution, even if the offenses are based on the same criminal episode.

Therefore, the threshold question is whether the requirements of ORS 131.525(2) were satisfied. The indictment in the Benton County case was filed on January 9, 1991, which was *before* defendant's Linn County plea of guilty to

---

[2] ORS 131.315(6) and (7) provide:

"(6) If an offense is committed on the boundary of two or more counties or within one mile thereof, trial of the offense may be held in any of the counties concerned.

"(7) A person who commits theft, burglary or robbery may be tried in any county in which the person exerts control over the property that is the subject of the crime."

[3] Although it was not raised by either party at trial, the application of ORS 131.525(2) was a partial basis for the trial court's letter opinion denying defendant's motion to dismiss.

theft on February 14, 1991, and was "no[t] later than 30 days after entry of the guilty plea." *See State v. Farley*, 78 Or App 102, 105, 714 P2d 1079, *rev'd on other grounds* 301 Or 668, 725 P2d 359 (1986). Second, although defendant could have had his guilty plea on the previous prosecution vacated on motion within 30 days after his arraignment for burglary on January 25, 1991, he failed to avail himself of that opportunity. Accordingly, under ORS 131.525(2), his guilty plea to theft does not bar this prosecution for burglary.

Because ORS 131.525(2) applies to this case so that the burglary prosecution is not barred by defendant's previous plea of guilty to theft, we need not decide whether the two offenses were based on the same criminal episode under ORS 131.515(2).

Affirmed.