Argued and submitted June 17, 1992, affirmed April 21, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# THOMAS FRANCIS HUNT, JR.,
*Appellant.*

## (91-CR-0021-33; CA A71772)

851 P2d 622

Ronald L. Brown, Bend, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant appeals from convictions in Jefferson County for manufacturing and possessing marijuana. ORS 475.992(1). He contends that, because he was convicted in Deschutes County of the same offenses, former jeopardy bars trial of these offenses. We affirm.

On July 25, 1990, police discovered 78 marijuana plants growing on an irrigated plot in Jefferson County. On the same day, they searched defendant's home in Deschutes County and found evidence of a marijuana-growing operation, including a grow light system, 300 pots, two withered male plants and a trash bag full of marijuana stalks and leaves. Marijuana littered the floor. The grow lights were off. Defendant admitted that he had raised marijuana plants in his basement and, approximately a month before their discovery, had transplanted them to Jefferson County. He had separated the male and female plants and transplanted only the females because their buds produce a more potent product. He maintained that the trash bag contained waste matter that he never intended to use as a controlled substance and that he had abandoned the two dying plants.

On March 27, 1991, defendant pleaded guilty in Deschutes County to, among other charges, possessing and manufacturing marijuana. He then moved to dismiss the January 8, 1991, Jefferson County indictment on the ground of former jeopardy. The trial court found that defendant had a different criminal objective regarding his actions in the two counties and denied the motion.[1]

■ Defendant assigns error to the trial court's denial of his motion to dismiss the indictment. We address statutory issues before constitutional ones.

---

[1] The trial judge in the Jefferson County prosecution concluded:

"[T]he Defendant had a long term objective of the production of a substantial quantity of marijuana. Clearly the Defendant engaged in the criminal act of manufacturing marijuana through his horticultural efforts in Deschutes and Jefferson Counties. * * * If the case at bar is analyzed in the context of discrete criminal objectives, * * * a valid dichotomy occurs in the Defendant's conduct. The continuing growth of the marijuana plants in Jefferson County shows a continued pursuit of the propagation of the substance. The plants in Deschutes County were wilted and a substantial quantity of marijuana had been gathered into a bag which demonstrates a short term goal or harvest as opposed to growing of marijuana. Each act is a separate criminal objective and may be prosecuted separately."

ORS 131.525(2) provides, in part:

"A plea of guilty or resulting judgment is not a bar under ORS 131.515(2) to a subsequent prosecution under an accusatory instrument which is filed no later than 30 days after entry of the guilty plea. The defendant's prior plea of guilty or resulting judgment, notwithstanding ORS 135.365, shall be vacated upon motion by the defendant if made within 30 days after defendant's arraignment for the subsequent prosecution."

The Jefferson County indictment was filed before defendant pleaded guilty in Deschutes County. He did not move to vacate the guilty plea. Under ORS 131.525(2), the guilty plea does not bar the Jefferson County prosecution. *State v. Wilson*, 115 Or App 217, 221, 836 P2d 1380 (1992).

Next, we must address defendant's constitutional argument. *See State v. Farley*, 301 Or 668, 671, 725 P2d 359 (1986). Article I, section 12, of the Oregon Constitution provides:

"No person shall be put in jeopardy twice for the same offence (sic), nor be compelled in any criminal prosecution to testify against himself."

In *State v. Brown*, 262 Or 442, 457-58, 497 P2d 1191 (1972),[2] the court held:

"[U]nder Article I, section 12 * * * a second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution."

All of the charges could have been tried in Deschutes County, ORS 131.315(1),[3] and the Deschutes County District Attorney knew of the relevant facts in Jefferson County. The only

---

[2] *State v. Hammang*, 271 Or 749, 756, 534 P2d 501 (1975), purported to overrule *State v. Brown, supra*. In *State v. Farley, supra*, 301 Or at 674, the court held that it had erred in overruling *Brown* in *Hammang*. We have since cited and relied on the rule in *Brown* without further discussion. *See, e.g., State v. Schaffran*, 95 Or App 329, 332, 769 P2d 230 (1989).

[3] ORS 131.315(1) provides:

"If conduct constituting elements of an offense or results constituting elements of an offense occur in two or more counties, trial of the offense may be held in any of the counties concerned."

question is whether the charges in the two counties arose out of the same act or transaction.

In *State v. Nguyen*, 95 Or App 653, 771 P2d 279, *rev den* 308 Or 142 (1989), the defendant was arrested twice within two hours for driving under the influence of intoxicants. The second charge was tried first, and the jury acquitted the defendant. At the second trial, he moved to dismiss the first charge on former jeopardy grounds. We held, under ORS 131.515(2), which requires joinder of charges resulting from the same criminal episode, that the offenses were not based on the same criminal episode, because they did not arise from "continuous and uninterrupted conduct." 95 Or App at 657. "Criminal episode" is synonymous with "same act or transaction." *State v. Boyd*, 271 Or 558, 566, 533 P2d 795 (1975). In *Nguyen*, we did not reach the issue under Article I, section 12 because the "[d]efendant was charged twice for identical offenses, not twice for the same offense." 95 Or App at 656 n 1.

In *State v. Smith*, 95 Or App 683, 770 P2d 950, *rev den* 308 Or 158 (1989), the defendant made several deliveries of controlled substances over a two-month period and was charged individually for each delivery. We held that ORS 131.515(2) did not require the prosecutor to join the charges because, although the defendant

> "may have had a long term goal of selling controlled substances to customers and may have been doing so for some time * * * he evinced discrete criminal objectives in making each delivery." 95 Or App at 687.

*See also State v. Black/Tuttle*, 89 Or App 359, 364, 749 P2d 1185, *rev den* 305 Or 577 (1988).

Similarly, in *State v. Hathaway*, 82 Or App 509, 728 P2d 908 (1986), *rev den* 302 Or 594 (1987), the defendant agreed to sell a gram of cocaine to an undercover police officer. She gave him less than half a gram and told him she would have the rest the next day. Later that night, the officer went to her home and purchased the other half gram plus an additional amount. The defendant was indicted and tried separately on two counts of delivering cocaine. In response to her argument that former jeopardy barred the second prosecution, we held that the defendant's offenses were

"not 'so closely linked in time, place and circumstance that a complete account of one cannot be related without relating the details of the other charge.' The facts of each charge can be explained without drawing upon the facts of the other. Moreover, the two incidents were not contemporaneous; nearly four hours had elapsed between the first and second deliveries. Furthermore, defendant's conduct was not directed to the accomplishment of a single criminal objective. As the Supreme Court noted in *State v. Kessler*, 297 Or 460, 465, 686 P2d 345 (1984):

> " '[T]he test of a single criminal objective is no panacea. People have goals for the long, medium, or short term, and the objective of the immediate act often is pursued as a step toward a more distant goal.' " 82 Or App at 514. (Brackets in original.)

Although defendant might have had a long-term objective of propagating mature marijuana plants, his actions in the two counties evinced discrete criminal objectives. His actions were not contemporaneous or so closely linked in time, place and circumstance that a complete account of one could not be related without reference to the other. The marijuana and marijuana-growing equipment found in his home were sufficient to sustain a conviction for possession and manufacturing marijuana in Deschutes County. An explanation of those actions does not require information about his actions in Jefferson County. The evidence that he grew marijuana in Jefferson County was sufficient to sustain convictions for possession and manufacturing marijuana without reference to the plants' origin in Deschutes County. Because the charges in the two counties arose from discrete criminal acts or transactions, former jeopardy did not bar this prosecution.

Affirmed.