Argued and submitted February 26, affirmed April 22, petition for review denied September 29, 1998 (327 Or 554)

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM DARRELL OSTROM,
*Appellant.*

(96D-101166; CA A94862)

958 P2d 848

Anne Morrison, Deputy Public Defender, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Landau, Presiding Judge, and Riggs* and Wollheim,** Judges.

---

\* Riggs, J., *vice* Warren, J.

\*\* Wollheim, J., *vice* Haselton, J.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants, ORS 813.010,[1] contending that the charge should have been dismissed on double jeopardy grounds. We review the trial court's decision as a matter of law, ORS 138.220, and affirm.

The facts are not disputed. On January 20, 1996, defendant was issued three traffic citations: (1) driving under the influence of intoxicants, ORS 813.010; (2) criminal driving while suspended, ORS 811.182; and (3) driving uninsured, ORS 806.010. The citations were assigned consecutive case numbers but were not formally joined. When defendant appeared at the hearing on all three charges, the parties reached an agreement on the record that defendant would enter a plea of guilty to the criminal driving while suspended charge and not guilty pleas to the two remaining charges. Defendant would be sentenced on the criminal driving while suspended charge after the two remaining charges were resolved. Defendant subsequently moved to dismiss the two remaining charges, based on ORS 131.515(2), and Article I, section 12, of the Oregon Constitution.[2] The trial court denied the motion, and defendant was found guilty of driving under the influence of intoxicants. The prosecutor dismissed the driving uninsured infraction, and defendant was sentenced for criminal driving while suspended and driving under the influence of intoxicants.

On appeal, defendant argues that the prohibition against double jeopardy prosecutions expressed in ORS 131.515(2) and Article I, section 12, bars his prosecution for

---

[1] ORS 813.010 provides, in part:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a) Has .08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150;

"(b) Is under the influence of intoxicating liquor or a controlled substance[.]"

[2] Article I, section 12, of the Oregon Constitution, provides:

"No person shall be put in jeopardy twice for the same offence (*sic*), nor be compelled in any criminal prosecution to testify against himself."

driving under the influence of intoxicants, because that offense arose out of the same criminal episode as the criminal driving while suspended offense. The state responds that the trial court correctly denied defendant's motion to dismiss on double jeopardy grounds because defendant could have withdrawn his guilty plea or, in the alternative, because defendant waived his right to object on double jeopardy grounds.[3] We address defendant's statutory arguments first. *State v. Guzek*, 322 Or 245, 250, 906 P2d 272 (1995).

ORS 131.515(2) provides:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

Under ORS 131.515(2), a subsequent prosecution is barred only if (1) the separate prosecutions are for two or more offenses based on the same criminal episode; (2) the offenses are known to the appropriate prosecutor at the commencement of the first prosecution; and (3) proper venue is in a single court. *State v. Delker*, 123 Or App 129, 132, 858 P2d 1345 (1993), *rev den* 318 Or 326 (1994); *State v. Crumal*, 62 Or App 156, 159, 659 P2d 977 (1983). The offenses in this case satisfy that test. However, notwithstanding the provisions of ORS 131.515(2), ORS 131.525(1)(a)[4] provides that defendant's guilty plea to driving while suspended is not a bar to defendant's prosecution for driving while intoxicated if defendant waived his right to object to the subsequent prosecution.

---

[3] Ballot Measure 40 does not apply to this case. *See State v. Nielsen*, 147 Or App 294, 296, 936 P2d 374, *rev den* 326 Or 68 (1997) (we do not address Ballot Measure 40 issues until the question of its constitutionality has been resolved by the Supreme Court). The state does not argue that Senate Bill 936 would affect the outcome of this case.

[4] ORS 131.525 provides, in part:

"(1) A previous prosecution is not a bar to a subsequent prosecution when the previous prosecution was properly terminated under any of the following circumstances:

"(a) The defendant consents to the termination or waives, by motion, by an appeal upon judgment of conviction, or otherwise, the right to object to termination."

In *State v. Schaffran,* 95 Or App 329, 769 P2d 230 (1989), the defendant was charged with criminally negligent homicide, manslaughter, two counts of assault, and furnishing alcohol to a minor as a result of a car accident in which she was the driver. The trial court accepted the defendant's guilty plea to the charge of criminally negligent homicide after the defendant stated that she understood that she still could be prosecuted on the remaining charges. Defendant subsequently argued that her previous plea of guilty to criminally negligent homicide barred a subsequent manslaughter conviction arising out of the same criminal episode. This court held that the defendant's request to plead guilty to a single charge constituted a waiver of the right to object on double jeopardy grounds under ORS 131.515(2) and Article I, section 12, because the charges were joined and the defendant knew the effect of her plea. *Schaffran,* 95 Or App at 333.

Defendant argues that *Schaffran* does not apply here because defendant was not charged in one multi-count indictment, but rather by three separate traffic citations and complaints, which were never formally consolidated. While it is true that the traffic citations in this case were not *formally* consolidated, this distinction does not result in a different outcome from that in *Schaffran.* Here, defendant appeared at the same time on all three traffic complaints, which the court treated as if they were consolidated. Defendant requested to enter a guilty plea on the charge of criminal driving while suspended and a not guilty plea on the two remaining charges. Defendant agreed that his sentencing on the criminal driving while suspended charge would be continued until the two remaining charges were resolved. Defendant's attorney stated that this was defendant's preference. Under those circumstances, we conclude that defendant waived any possible double jeopardy claim under ORS 131.515(2). ORS 131.525(1)(a). For the same reasons, defendant's Article I, section 12, challenge fails also. *Schaffran,* 95 Or App at 333.[5]

Affirmed.

---

[5] Defendant also argues that his waiver was not knowing and voluntary, but that argument was not preserved below, and we do not address it. ORAP 5.45(2).