Argued May 18, reversed June 21, reconsideration denied July 28, petition
for review denied September 14, 1976

STATE OF OREGON, *Respondent,*

*v.*

ANTHONY ALAN MANCUSO, *Appellant.*

(No. C 75-04-1358 Cr, CA 5607)

551 P2d 110

*Paul J. De Muniz,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were W. Michael Gillette, Solicitor General, and Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was indicted for forgery in the first degree, in violation of ORS 165.013, in five separate indictments, each charging defendant with forgery on a different date. The indictments were based on repeated forgeries of the same signature using the same credit card to purchase gasoline for the same car from the same service station during a five-week period.

The prosecutor did not move to consolidate the charges. Defendant was tried and convicted of one charge. Before his second forgery trial, defendant moved to dismiss the remaining four indictments on the ground of former jeopardy. Following the circuit court's denial of that motion, defendant was tried and convicted of a second forgery charge. Defendant contends that the charges arose out of the same criminal episode and therefore the state's failure to move to consolidate the charges before the first trial barred prosecution of the second charge.

ORS 131.515(2), which is a codification of the concept in *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), provides:

> "No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

"Criminal episode" is defined by ORS 131.505(4) as

> "* * * continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

In *State v. Boyd,* 271 Or 558, 566, 533 P2d 795 (1975), the Oregon Supreme Court held that "same criminal episode" as used in ORS 131.515(2) is synonymous

[ 787 ]

with "same transaction" in ORS 132.560(2). The court stated the definition of "same transaction":

" '* * * [T]he two charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge.' " 271 Or at 564 (quoting from *State v. Fitzgerald,* 267 Or 266, 273, 516 P2d 1280 (1973)).

Whether two offenses are based upon the same criminal episode or whether they arise out of the same act or transaction is, at best, a difficult issue to decide—for prosecutors, for trial courts and for appellate courts. The facts of specific cases rarely fit neatly into the general statutory and judicial tests quoted above. This case presents a typically close question.[1] It would not be here on appeal, however, if the prosecutor had followed the procedure which we outlined in *State v. Bishop,* 16 Or App 310, 518 P2d 177 (1974). There we suggested:

"* * * [P]rosecutors [should] obtain separate indictments and then make a timely pretrial motion to consolidate the charges for trial. Such a device would require a defendant to make an election as to whether he wants a single trial or separate trials. Such an election would usually either constitute a waiver of *Brown* rights to a single trial, or waiver of *Fitzgerald* rights to separate trials." 16 Or App at 314.

---

[1] In fact, the answer to an even more fundamental question, not argued by the parties, is uncertain—how many offenses were committed? For example, in *People v. Cox,* 286 NY 137, 36 NE2d 84, 136 ALR 943 (1941), a subway worker was accused of stealing a small amount of tokens from turnstiles each day. Over a period of months defendant purloined more than $1,000. In finding that the acts comprised but one crime, the court stated:

"* * * Here there was a continuing larceny by a thief operating under a single purpose to carry out a generally fraudulent plan. We have first the formulation of a plan for systemized thievery, then the adoption of the plan by persons able to make it effective, and lastly its subsequent realization, together with the taking of the necessary steps to preserve a continuing operation unmolested * * *." 286 NY at 144.

Also, in *United States v. Manes,* No. CR 75-185 (D Ore, May 5, 1976), held that the theft of two cedar trees from government land during a two-day removal operation cannot be punished as two separate offenses. The court thus found it unnecessary to decide whether the double jeopardy clause applied.

[ 788 ]

The Oregon Supreme Court approved this procedure and explained its practical effect in *State v. Boyd,* supra:

"* * * [W]henever the prosecutor becomes aware of multiple charges facing a single defendant, he must make an initial determination of whether the charges are unitary, that is whether they grew out of a single act or transaction. Unless the prosecutor is absolutely certain that presenting the facts underlying each charge will not necessitate reference to the facts underlying another, the prosecutor should move for joinder of the charges for trial. The defendant may oppose, acquiesce in, or join in this motion or, if the charges were initially brought together, move for severance. The defendant will thus be forced to make a choice as to joinder or severance which, in the vast majority of cases, should be accepted. Any objections the defendant might make to the prosecutor's choice would thereafter be waived. In the rare case in which the prosecutor would have an interest in opposing the defendant's choice of joinder or severance, the trial and appellate courts will determine whether the charges are unitary by reference to their factual interrelation in terms of the *Fitzgerald* test. In making this determination, the emphasis of necessity will be on the accused's rights to be free from being required to answer more than once for the same act or transaction and to face a trier of fact unprejudiced by damning evidence of extraneous transactions. Because these two rights may appear to conflict before the evidence is actually adduced at trial, the accused's choice should normally be accepted unless clearly improper.

"* * * This is, of course, precisely the sort of case in which the procedure suggested in *State v. Bishop* [16 Or App 310] would have prevented an appeal. If the prosecutor had moved to consolidate the indictments for trial, the defendant would have been forced to elect between serving her interest in having the case disposed of in a single adjudication and serving her interest in having separate trials so that the evidence of one charge is not interjected into the trial of the other charge. There is no conceivable valid reason why the prosecutor would object to the choice the defendant would have made. * * *" 271 Or at 568-70.

Since the state did not avail itself of the recommended procedure to avoid placing defendant in double jeopardy, we construe the "criminal episode" tests in favor of the defendant in this admittedly close case.

Reversed.