561 P.2d 644 (1977)
28 Or.App. 765
STATE of Oregon, Respondent,
v.
Raymond E. WASHINGTON, Appellant.
Court of Appeals of Oregon.
Argued and Submitted February 24, 1977.
Decided March 21, 1977.
*645 Deane Sterndale Bennett, Portland, argued the cause for appellant. With him on the brief was William O. Bassett, Portland.
W. Michael Gillette, Sol. Gen., Salem, argued the cause for respondent. With him on the brief were James A. Redden, Atty. Gen., and Donald L. Paillette, Asst. Atty. Gen., Salem.
Before SCHWAB, C.J., and LEE and RICHARDSON, JJ.
SCHWAB, Chief Judge.
Defendant appeals from his conviction of sexual abuse in the first degree, ORS 163.425, contending that his prosecution should have been barred on the grounds of former jeopardy. Or.Const., Art. I, § 12; ORS 131.515(2).
Three indictments, all allegedly arising out of acts involving his daughter, were brought against defendant. The first, No. 32524, dated April 16, 1976, charged defendant with having committed sexual abuse in the first degree on January 20, 1976. The second, No. 32726, dated June 17, 1976, charged defendant with having committed rape and incest on March 26, 1976. The third, No. 32727, also dated June 17, 1976, charged defendant with having committed rape and incest on February 20, 1976. The state made no motion to consolidate the indictments. Defendant was tried first on Indictment No. 32726, and was acquitted after a trial to the court in which evidence of the acts charged in the other two indictments offered by the state was admitted. Defendant was then tried over his timely objection on grounds of former jeopardy by harassment,[1] on Indictment No. 32727 and was convicted of the lesser-included offense of sexual abuse. The state has apparently not proceeded on Indictment No. 32524.
ORS 131.515(2) provides:
"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."
The sole question on appeal is whether the acts charged in Indictment No. 32727 arose out of the "same criminal episode" as did the acts in Indictment No. 32726.[2] In *646 State v. Mancuso, 25 Or. App. 785, 551 P.2d 110, Sup.Ct. review denied (1976), we held:
"Whether two offenses are based upon the same criminal episode or whether they arise out of the same act or transaction is, at best, a difficult issue to decide  for prosecutors, for trial courts and for appellate courts. The facts of specific cases rarely fit neatly into the general statutory and judicial tests * * *. This case presents a typically close question. It would not be here on appeal, however, if the prosecutor had followed the procedure which we outlined in State v. Bishop, 16 Or. App. 310, 518 P.2d 177 (1974). There we suggested:
"`* * * [P]rosecutors [should] obtain separate indictments and then make a timely pretrial motion to consolidate the charges for trial. Such a device would require a defendant to make an election as to whether he wants a single trial or separate trials. Such an election would usually either constitute a waiver of Brown rights to a single trial, or waiver of Fitzgerald rights to separate trials.' 16 Or. App. at 314, 518 P.2d at 179.
"* * *
"Since the state did not avail itself of the recommended procedure to avoid placing defendant in double jeopardy, we construe the `criminal episode' tests in favor of the defendant in this admittedly close case." 25 Or. App. at 788, 790, 551 P.2d at 111.
See also State v. Boyd, 271 Or. 558, 533 P.2d 795 (1975).
The acts charged in the separate indictments here are as closely linked in "time, place and circumstance," State v. Fitzgerald, 267 Or. 266, 273, 516 P.2d 1280 (1973), as were those in Mancuso. As we cannot discern any legitimate reason why the state did not avail itself of the Boyd-Bishop procedure referred to in Mancuso, we must again construe the "criminal episode" tests in favor of the defendant.
Reversed.
RICHARDSON, Judge, concurring.
While I think State v. Mancuso, 25 Or. App. 785, 551 P.2d 110, S.Ct. review denied (1976), presents the outer limits of the "criminal episode" test, I agree this case falls within that limit and the charges should have been joined for trial.
I wish, however, to note a troublesome point in the majority's analysis. The Boyd-Bishop procedure was designed to relieve the prosecution from the risk of an improper joinder decision. A motion to consolidate also relieves the court from the task of deciding when and how to apply the same criminal episode test of ORS 131.515(2). If the prosecutor fails to make such a motion the court is still faced with the decision as to whether charges that were not joined should have been.
The Boyd-Bishop procedure, which was first a suggestion, now seems to have become the Boyd-Bishop rule and a prime ingredient of the joinder decision. That decision is a function of statutory construction and should be made independent of whether the state has complied with the Boyd-Bishop rule. If we desire to enforce the Boyd-Bishop procedure by ruling against the state on "close" joinder questions, perhaps the rule should be restated to require that the state forego prosecution of charges that could have been joined by a motion to consolidate. Such a rule seems to be the import of the opinion in Mancuso and the majority's opinion in this case.
I have no quarrel with repeatedly notifying prosecutors that the Boyd-Bishop procedure is the better approach, however, I do not think failure to follow that procedure should be a part of the analysis in determining if multiple chargers should have been joined for trial.
NOTES
[1] See State v. Brown, 262 Or. 442, 497 P.2d 1191 (1972); State of Oregon v. McCormack, 8 Or. 236 (1880). See also Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
[2] In State v. Boyd, 271 Or. 558, 533 P.2d 795 (1975), the Supreme Court held the "same criminal episode" test in ORS 131.515(2) to be synonymous with the "same act or transaction" standard established for joinder purposes by ORS 132.560(2).