Argued June 20, reversed and remanded August 8, reconsideration denied
September 12, 1978, petition for review February 13, 1979

STATE OF OREGON, *Respondent,*

*v.*

CLARENCE A. JACKSON, III, *Appellant.*

(No. C 77-11-16132, CA 10273)

STATE OF OREGON, *Respondent,*

*v.*

CLARENCE A. JACKSON, III, *Appellant.*

(No. C 77-11-16133, CA 10274)

(Consolidated cases)

582 P2d 837

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney Gerneral, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

In these two consolidated cases, defendant appeals convictions for Forgery in the First Degree. He assigns as error (1) an adverse ruling in the trial court as to the sufficiency of the evidence to make out a charge of Forgery in the First Degree, (2) refusal to dismiss one of the charges on double jeopardy grounds, and (3) error in imposing a minimum sentence. The sentence imposed was erroneous, and requires remand. In all other respects, we affirm.

Defendant was charged in two separate indictments, Nos. C-77-11-16132 and C-77-11-16133. He was actually tried first on No. C-77-11-16133, which was in two counts: one count each of Forgery in the First Degree and Criminal Possession of a Forged Instrument in the First Degree. Count one charged that defendant, "between October 4 and October 8, 1977," did "utter a written instrument, which purported to be a letter which might have affected a legal interest, * * * knowing the said instrument to be forged * * *." The letter in question is set out in the margin.[1] Count two charged defendant with possession, during the

---

[1] "Western Savings & Loan
4333 N.E. Sandy Blvd.
Portland, Oregon

"To Whom it May Concern:

"Enclosed, you will find my pass book for my savings account. Per this letter, I request that you do the following.

  "1. Withdraw $14,165.95 from this account.
  "2. With this withdrawl, [*sic*] make a check payable to the Oregon Bank.
  "3. Mail the above check to me at my current listed address via mail and also return my book with the check.
  "4. It would be very much appreciated, if this could be done by Friday, October 7, 1977.

"Thanking you for your time, trouble and fast response to this request, I remain,

"Sincerely yours,

"Everette G. Holman
  Account #38-31833
  S.S. #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"

same October 4, 1977 to October 8, 1977 time period, of that letter.

Indictment No. C 77-11-16132 was in four counts: three for Forgery in the First Degree and one for Theft in the First Degree. All four counts alleged that the criminal acts to which they referred occurred between September 26, 1977, and September 28, 1977. Only Count one of this indictment alleged use of a letter like that described in indictment C 77-11-16133. It was directed to a different financial institution, however.

After defendant was arraigned and plead not guilty, the district attorney did not move to consolidate the cases. As noted, No. C 77-11-16133 was tried first. Defendant waived his right to a jury trial and stipulated to the facts contained in the indictment. The circuit judge then found defendant guilty on both counts. After denying defendant's motion to dismiss No. C 77-11-16132 on grounds of former jeopardy, and a stipulation to the facts, the circuit court again found defendant guilty on all counts. The court then ruled that all counts within each indictment merged for purposes of sentencing,[2] and sentenced defendant to five years on each indictment, imposed a minimum two and one-half year sentence in each case, and directed that the sentences be served consecutively to each other and to the sentence in a third case not involved in this appeal.

Defendant's first assignment of error argues in essence that the two letters which defendant uttered requesting the institutions to whom they were addressed to withdraw certain amounts from the savings accounts of Everette G. Holman do not fall within the class of instruments whose uttering constitutes forgery in the first degree under ORS 165.013(1)(c).

Oregon's forgery statute was completely revised by the 1971 legislature.[3] The principal sections of the

---

[2]We express no view concerning the correctness of this ruling.

[3]Oregon Laws 1971, ch 743, §§ 151-155.

forgery statute are ORS 165.007 and 165.013 which provide:

ORS 165.007 provides:

"(1) A person commits the crime of forgery in the second degree if, with intent to injure or defraud, he:

"(a) Falsely makes, completes or alters a written instrument; or

"(b) Utters a written instrument which he knows to be forged.

"(2) Forgery in the second degree is a Class A misdemeanor."

ORS 165.013 provides:

"(1) A person commits the crime of forgery in the first degree if he violates ORS 165.007 and the written instrument *is or purports to be any part of* the following:

"\* \* \* \* \*

"(c) A deed, will, codicil, contract, assignment, commercial instrument or other document which does or may evidence, create, transfer, alter, terminate, or otherwise affect a legal right, interest, obligation or status.

"(2) Forgery in the first degree is a Class C felony." (Emphasis added.)

A "written instrument" is defined in ORS 165.002(1) as follows:

"(1) 'Written instrument' means any paper, document, instrument or article containing written or printed matter or the equivalent thereof, whether complete or incomplete, used for the purpose of reciting, embodying, conveying or recording information or constituting a symbol or evidence of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person."

Although the definition of "written instrument" is not totally clear, defendant concedes that the legislature intended to "include almost everything that could possibly be the subject of a forgery."[4]

---

[4]Minutes of the Criminal Law Revision Commission, subcommittee no. 1, Meeting of September 23, 1968, p 6-7.

However, defendant contends, the question remains whether the forging of a letter requesting the bank to do something amounts to forgery in the first or second degree. He argues that the only reasonable interpretation is that it constitutes forgery in the second degree.

Defendant's argument is that, if ORS 165.013(1)(c) is to be read so broadly as to include the sort of letters involved here, then there will be no written instruments left which could serve as the basis for a charge of Forgery in the Second Degree. In addition to the statutory anomaly this would create, such an interpretation might raise a constitutional problem under the rationale of *State of Oregon v. Pirkey,* 203 Or 697, 281 P2d 698 (1955).

■ We do not feel called upon to explore the outer limits of ORS 165.013(1)(c), however, because we think these letters, at least, clearly fall within the terms of the subsection in question: Each of the letters was an enclosure letter, making reference to a "savings pass book." As we view it, then, the pass books became part of the written instruments used by defendant, and savings pass books clearly are "documents * * * [which] may evidence * * * a legal right" under ORS 165.013(1)(c). Defendant's first assignment of error is not well taken.

■ Defendant next assigns as error the trial court's refusal to dismiss indictment number C 77-11-16132 on double jeopardy principles, relying upon *State v. Boyd,* 271 Or 558, 568, 533 P2d 795 (1975). With respect to this assignment, we think it sufficient to state that the uttering of two different forged instruments, eight days apart, to two different banks, and purporting to draw on two different accounts, constitutes two separate acts of forgery and is not the "same act or transaction" for the purposes of *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), or a part of the "same criminal episode" as we analyzed that phrase in *State v. Mancuso,* 25 Or App 785, 551 P2d 110, *rev den* (1976).

■ Finally, defendant assigns as error the trial court's imposition of a minimum term of imprisonment prior to eligibility for parole pursuant to ORS 144.110, although the offenses in question were committed prior to the effective date of that statute. As the state concedes, defendant's point is well taken under our decision in *State v. Bussey,* 34 Or App 534, 579 P2d 264 (1978).

Reversed and remanded for resentencing.