Argued and submitted July 20, 1988, reversed and remanded March 22, reconsideration denied May 26, petition for review denied June 27, 1989 (308 Or 158)

# STATE OF OREGON,
*Appellant,*

*v.*

# RICHARD LEE SMITH,
*Respondent.*

(CF 87-542, 87-543, 87-544;
CA A46562 (Control), A46563, A46564)
(Cases Consolidated)

770 P2d 950

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter Gartlan, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

DEITS, J.

**DEITS, J.**

In this consolidated appeal of two cases, the state appeals the dismissal on former jeopardy grounds of indictments for delivery and possession of controlled substances. ORS 131.515(2). The state argues that the indictments were not barred by defendant's prior conviction for possession of a controlled substance, because the contested indictments did not arise out of the same "criminal episode." We reverse and remand.

On January 21, 1987, State Police Officer Tyrrell obtained and executed a search warrant for defendant's residence in Hermiston for evidence of the crimes of possession, delivery and manufacture of controlled substances. The search warrant was based on an affidavit that recited that, since December, 1986, defendant had sold cocaine to confidential reliable police informants and that, between January 18 and January 21, 1987, an informant had made "a controlled purchase" of cocaine at defendant's residence. Defendant was convicted on May 5, 1987, of two charges of possession of controlled substances, based on his possession of cocaine and marijuana on January 21, 1987.

The charges here are based on two deliveries of cocaine that allegedly occurred on December 22, 1986, at 2:03 and 7:24 p.m., and a third delivery on January 20, 1987. Apparently, defendant was not charged with these offenses at the time of the earlier prosecution, because the informant to whom the deliveries were made was "penetrating [defendant's] drug operation to a higher level," and prosecution of defendant at that time would have necessarily revealed the informant's identity.

Defendant moved for dismissal of these indictments on the ground of former jeopardy, arguing that he had been previously prosecuted for an offense based on the same criminal episode that was reasonably known to the appropriate prosecutor at the time of the commencement of the first prosecution. ORS 131.515. The trial court granted the dismissals.

The statutory prohibition against multiple prosecution of separate offenses is contained in ORS 131.515(2):

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several

offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

The state agrees that the prosecutor was aware of all the potential charges against defendant when the initial indictment was filed and that there was proper venue for all of the offenses in a single court. The issue here is whether the possession and delivery charges stemming from the deliveries on December 22, 1986, and January 20, 1987, are part of the "same criminal episode" as defendant's possession of controlled substances on January 21, 1987, for which he has been convicted. Defendant, relying on *State v. Mancuso,* 25 Or App 785, 551 P2d 110, *rev den* 276 Or 133 (1976), and *State v. Washington,* 28 Or App 765, 561 P2d 644 (1977), argues that they are. We disagree.

"Criminal episode" is defined in ORS 131.505(4) as:

"continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

The Supreme Court has further defined the term "same criminal episode" as used in ORS 131.515(2) and ORS 131.505(4) to be synonymous with "same act or transaction" in ORS 132.560(2) for the purpose of former jeopardy. *State v. Boyd,* 271 Or 558, 565-66, 533 P2d 795 (1975). Under this definition, two offenses arise from the same criminal episode if

"the charges * * * arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge." *State v. Fitzgerald,* 267 Or 266, 273, 516 P2d 1280 (1973), *quoted in State v. Boyd, supra,* 271 Or at 564.

*State v. Hathaway,* 82 Or App 509, 728 P2d 908 (1986), *rev den* 302 Or 594 (1987), and *State v. Black/Tuttle,* 89 Or App 359, 749 P2d 1185, *rev den* 305 Or 577 (1988), govern this case. *See also State v. Nguyen,* 95 Or App 653, 771 P2d 279 (1989). In *Hathaway,* the defendant made two cocaine deliveries, separated by a four-hour interval, to a police informant pursuant to an agreement that the defendant would sell the informant one gram of cocaine. We noted in that case that, in determining a person's "criminal objective," it must be

remembered that people have short, medium and long-term goals and that "the objective of the immediate act often is pursued as a step toward a more distant goal." *See State v. Kessler*, 297 Or 460, 686 P2d 345 (1984). We concluded that, even though the defendant's long-term goal was to fill a customer's order, he evinced two discrete criminal objectives in making each delivery.

In *Black/Tuttle,* the defendants participated in a criminal conspiracy that spanned nine months and was made up of a series of thefts from their employer. We concluded that, although the defendants may have had the same criminal objective each time that they stole from their employer, the objective was not a single one. A series of criminal acts over a period of time, whether the period is hours or months, cannot be converted into a single crime solely because the perpetrators' methods and objectives are similar. *State v. Black/ Tuttle, supra,* 89 Or App at 364.

■ In this case, although defendant may have had a long term goal of selling controlled substances to customers and may have been doing so for some time, we conclude that he evinced discrete criminal objectives in making each delivery. In addition, the offenses are not so linked in place, time and circumstances that a complete account of one charge cannot be related without relating details of the other charges. *State v. Boyd, supra,* 271 Or at 564. Each possession and delivery did not arise out of the same criminal episode, and their prosecution is not barred by ORS 131.515(2).

■ ■ Separate prosecution also does not violate ORS 131.525(1), thus it does not violate Article I, section 12, of the Oregon Constitution, or the Fifth and Fourteenth Amendments of the United States Constitution. The federal test for deciding whether multiple prosecutions are barred is whether each charge requires proof of an additional fact that the other does not require. *Brown v. Ohio,* 432 US 161, 166, 97 S Ct 2221, 53 L Ed 2d 187 (1977); *Blockburger v. United States,* 284 US 299, 304, 52 S Ct 180, 76 L Ed 306 (1932). The acts underlying the charges against defendant occurred at different times, were not directed to a single criminal objective and were not "the same offense" for double jeopardy purposes. *State v. Black/Tuttle, supra,* 89 Or App at 364-65.

Reversed and remanded.