Argued and submitted November 4, 1988, affirmed March 22, reconsideration denied May 12, petition for review denied June 13, 1989 (308 Or 142)

## STATE OF OREGON,
*Respondent,*

*v.*

## HUNG MANH NGUYEN,
*Appellant.*

(M905151; CA A48447)

771 P2d 279

Paul L. Breed, Portland, argued the cause and submitted the brief for appellant.

Frank Gruber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for driving under the influence of intoxicants, ORS 813.010, after a trial to the court on stipulated facts. We affirm.

During the early morning of November 27, 1987, defendant was arrested twice for DUII. The first arrest occurred about 2 a.m. Defendant was taken to the police station, given a breath test and cited. He was released about two hours later, left the station in a taxi cab and returned to his car. The same officer who had stopped him earlier saw him drive away, stopped him a second time, arrested him and took him to the station for another breath test. He was cited a second time. The second stop occurred within several blocks of the first.

Both cases were assigned to the same district judge for trial on the same day. The state did not move to consolidate the charges. Defendant's motions to suppress relating to both cases were heard by the trial court on the same day. The second charge was tried first. At that trial, the state presented evidence about defendant's state of sobriety at the time of the first arrest, including his admissions about drinking, and the arresting officer's observations of defendant's condition. The state also offered as evidence the result of the first breath test. The officer testified that he had seen nothing unusual about defendant's driving at the time of the second arrest and that his opinion that defendant was intoxicated was derived entirely from his observations made during the first arrest. The only additional evidence of defendant's intoxication during the second arrest was the result of the second breath test. The jury returned a verdict of not guilty.

Defendant then filed a motion to dismiss the first charge on the ground of former jeopardy. The trial court denied the motion and found defendant guilty after the parties stipulated that the evidence would be what the court had heard in defendant's first trial. Defendant assigns as error the trial court's denial of his motion to dismiss, arguing that his conviction is barred by the provisions of ORS 131.515, and Article 1, section 12, of the Oregon Constitution. ORS 131.515 provides, in part:

"Except as provided in ORS 131.525 and 131.535:

"(1) No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

The statute provides two former jeopardy protections for criminal defendants. Subsection (1) restates the constitutional guarantee;[1] subsection (2) is a legislative prohibition against multiple prosecutions of distinct offenses committed in a single criminal episode. *State v. Knowles,* 289 Or 813, 618 P2d 1245 (1980); *State v. Yock,* 49 Or App 749, 621 P2d 592 (1980), *rev den* 290 Or 727 (1981).

ORS 131.515(2) precludes the state from prosecuting two offenses in separate proceedings if they are "based on the same criminal episode."[2] Defendant argues that the determination of "criminal episode" must be made in the light of *State v. Fitzgerald,* 267 Or 266, 273, 516 P2d 1280 (1973), where, with respect to permissive joinder, the Supreme Court held that two charges were part of the same act or transaction[3] if a complete account of one could not be related without the details of the other. He argues that, because all the facts concerning the first driving incident were introduced at the trial on the second charge and the prosecution's theory of the second charge was that defendant should be convicted on the evidence of the first arrest, there was only one criminal episode.[4]

■ However, that the facts from one charge are admissible in the prosecution of another does not mean that joinder is

---

[1] We find no violation of Article I, section 12, Oregon Constitution, or ORS 131.525(1). Defendant was charged twice for identical offenses, not twice for the same offense. *See* n 3, *infra.*

[2] There is no dispute but that the prosecutor knew of both charges and that venue was in a single court.

[3] The Supreme Court held that "same act or transaction" is synonymous with "criminal episode" for the purpose of former jeopardy claims based on Article I, section 12. *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975).

[4] Defendant also argues that there was only one criminal episode, because he had a single criminal objective: to drive while intoxicated. We do not agree. Defendant twice had the objective of driving while intoxicated. That is different from having a single objective. *See State v. Hathaway,* 82 Or App 509, 515, 728 P2d 908 (1986), *rev den* 302 Or 594 (1987).

required by ORS 131.515(2). *See State v. Crumal,* 62 Or App 156, 161, 659 P2d 977 (1983). "Criminal episode" is defined in ORS 131.505(4) as

> "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

Under that definition, we conclude that defendant's two acts of driving under the influence of intoxicants constituted separate criminal episodes. Although the charges were identical, they did not arise from "continuous and uninterrupted" conduct. Defendant was arrested for the first act of DUII, removed to the police station for a breath test, cited for the first DUII, and released from custody. Those events comprised one completed episode. Some two hours later—after the curtain had come down on the first act—the second act started a few blocks from the first, when defendant again entered and drove his car. The arrest and the citation flowing from that activity was a separate episode. Because the conduct was not "continuous and uninterrupted," we hold that the trial court did not err in refusing to dismiss the first charge.[5]

Affirmed.

---

[5] Defendant urges that, in a close case, when the state fails to move for joinder, the resolution of a former jeopardy claim *must* be in the defendant's favor. *See State v. Boyd, supra,* 271 Or at 568; *see also State v. Mancuso,* 25 Or App 785, 551 P2d 110, *rev den* (1976); *State v. Washington,* 28 Or App 765, 561 P2d 644 (1977). We do not agree that this is a close case or that the cases cited by defendant dictate that that result automatically follows. In *State v. Hathaway, supra,* n 4, the defendant agreed to sell a gram of cocaine and made two deliveries of one-half gram each. The deliveries were separated by about four hours. The state did not move to consolidate the charges, and we affirmed the trial court's denial of the defendant's motion to dismiss. We did not hold that the state's failure to move to consolidate required dismissal under ORS 131.515(2).