Submitted December 20, 2007, affirmed September 3, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAMIRO DANE LOPEZ,
*Defendant-Appellant.*

Klamath County Circuit Court
0500817CR; A129880

193 P3d 985

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Sercombe, Judge, and Riggs, Senior Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment of conviction, based on a conditional plea of guilty, for one count of delivery of a controlled substance, *former* ORS 475.992(1) (1995), *renumbered as* ORS 475.840(1) (2005).[1] He assigns error to the trial court's denial of his motion to dismiss the charging instrument on the basis of former jeopardy, Article I, section 12, of the Oregon Constitution. For the reasons explained below, we affirm.

On January 13, 2005, Officer Cooper of the Klamath Falls Police Department arranged with a confidential reliable informant to make a controlled buy of methamphetamine from defendant. The informant contacted defendant that same day, met him at his residence, and purchased from defendant a substance that field-tested positive for the presence of amphetamine. During the drug purchase, the informant observed a revolver in the residence. Later that evening, Cooper obtained a warrant to search defendant's residence based on information obtained from the informant. That warrant was executed later that night and resulted in the seizure of a .38 caliber Colt revolver, digital scales, hundreds of plastic bags, sales records, drug paraphernalia, marijuana, and methamphetamine.

Defendant was charged with several drug-related and other crimes based on evidence seized during execution of the search warrant. Before trial, defendant negotiated a plea agreement and ultimately pleaded guilty to manufacture of a controlled substance, *former* ORS 475.992(1) (1995), and felon in possession of a firearm, ORS 166.270.[2] Three days after defendant pleaded guilty to those charges, he was

---

[1] Defendant states in his brief on appeal that he pleaded guilty to *manufacturing* a controlled substance. However, a review of the record reveals that the charge defendant actually pleaded guilty to was *delivery* of a controlled substance.

[2] The trial court took judicial notice of the records of the first prosecution. But the appellate record in this case does not contain any documentation of the actual charges brought against defendant as a result of the evidence obtained in the search, the terms of the negotiated plea agreement, or the judgment. The sole mention of the details of that prosecution in the appellate record is contained in defendant's motion to dismiss the charging instrument. The state does not challenge defendant's characterization of the first prosecution and, therefore, we accept defendant's statement of facts in that regard.

separately indicted on charges arising from the controlled buy. The indictment included three charges: delivery of a controlled substance, manufacture of a controlled substance, and possession of a controlled substance.

Defendant moved to dismiss the indictment on the ground of former jeopardy, relying on ORS 131.505 to 131.535; Article I, section 12, of the Oregon Constitution; and the Fifth Amendment to the United States Constitution. He argued that the events that gave rise to the charges involving the seizure of evidence and the controlled buy were part of the same "criminal episode" or "same act or transaction," so that both prosecutions should have been brought together. To not do so, in defendant's view, constituted a violation of his statutory and constitutional rights against former jeopardy. The trial court disagreed and denied the motion. The court stated in its letter opinion that, "[a]lthough the matters are interrelated, the events charged in [the controlled buy case] were separated in time from those alleged in [the search warrant case]. The incidents are not part of the same criminal episode."

Pursuant to a plea negotiation, defendant entered a conditional plea of guilty of delivery of a controlled substance and, in return, the manufacturing and possession charges were dismissed. In doing so, defendant reserved his right to seek review of the court's ruling on his motion to dismiss.

On appeal, defendant abandons his statutory and federal constitutional arguments and asks that we consider only his former jeopardy claim under Article I, section 12, of the Oregon Constitution, which provides, in part, that "[n]o person shall be put in jeopardy twice for the same offense." He renews his argument made below that the charges in the search warrant case and the charges in the controlled buy case should have been brought in a single prosecution because they were part of the "same act or transaction."[3] We

_____

[3] The state contends that defendant's argument on appeal was not preserved because defendant urges this court to follow an analytical path on appeal that he expressly rejected below. Specifically, the state argues that defendant represented to the trial court that the statutory ("same criminal episode") and state constitutional ("same act or transaction") tests for former jeopardy are synonymous but that, on appeal, defendant now represents that the tests are distinct. Therefore, in the state's view, defendant's assignment of error is not preserved. We decline to

review for errors of law a trial court's legal conclusions about whether the facts satisfy the elements of former jeopardy. *State v. Fore*, 185 Or App 712, 716, 62 P3d 400 (2003).

■ The former jeopardy provision of Article I, section 12, is designed to further the objective of protecting criminal defendants from the "harassment, embarrassment and risk of successive prosecutions for the same offense." *State v. Kennedy*, 295 Or 260, 272-73, 666 P2d 1316 (1983); *see also State v. Boyd*, 271 Or 558, 562, 533 P2d 795 (1975) (stating that the purpose of the former jeopardy doctrine is to protect the accused from undue harassment). Under Article I, section 12, "a second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." *State v. Baldwin*, 206 Or App 643, 654, 138 P3d 867 (2006). The issue in this case concerns the first prong of that test: whether the charges in defendant's search warrant case and the charges in his controlled buy case arose out of the same act or transaction. We conclude that they do not.

■ Charges arise out of the same act or transaction if the alleged crimes occur simultaneously and pursue a single criminal objective. *State v. Ellison*, 301 Or 676, 679-80, 725 P2d 363 (1986); *State v. Hathaway*, 82 Or App 509, 516, 728 P2d 908 (1986). Defendant argues that "the acquisition and maintenance of drug-related paraphernalia and property was necessary to facilitate and enable defendant's drug dealing activities." He concludes, therefore, that "the controlled buy and the possession of other drugs and drug-related paraphernalia and property occurred simultaneously." We do not agree.

First, the delivery of controlled substances during the controlled buy and the manufacture of different drugs that were seized later were discrete, nonsimultaneous events. The manufacture of the methamphetamine occurred at some time before its seizure.[4] The actions underlying each

---

address that argument because any distinction would not affect the outcome of this case.

[4] Again, the appellate record does not disclose the nature of the drug-related charges that were dismissed as part of the plea negotiation in the first case.

charge occurred at different times. That conclusion is consistent with *Hathaway*.

In *Hathaway*, an undercover agent arranged to buy cocaine from the defendant. When the agent arrived at the defendant's home, the defendant only had half the amount of cocaine that he had promised the agent. The defendant told the agent to return later in the day so that she could make up the shortage. The agent returned to the defendant's home four hours later and purchased the remaining amount of cocaine. The defendant was ultimately indicted twice—once for each of the deliveries to the agent. The defendant pleaded guilty to the first delivery but moved to dismiss the second indictment on the ground of former jeopardy. The trial court denied that motion, and we affirmed, finding that the two buys were not simultaneous because they were separated in time by four hours. Therefore, we concluded that a second prosecution for the second buy was not barred by former jeopardy. 82 Or App at 516; *see also Ellison*, 301 Or at 679 (the acts of driving while suspended and giving a false name were not simultaneous because the defendant had stopped driving when he gave the false name); *State v. Nguyen*, 95 Or App 653, 657, 771 P2d 279 (1989) (charges stemming from two driving while intoxicated arrests on the same day were not simultaneous because the two acts were separated in time by two hours). If the *same* crimes committed during different parts of the same day are not part of the "same act or transaction" under Article I, section 12, it is difficult to imagine that *different* crimes could be so categorized.

Second, defendant's actions in each charge did not further the same criminal objective. We have previously stated that " 'the test of a single criminal objective is no panacea. People have goals for the long, medium, or short term, and the objective of the immediate act often is pursued as a step toward a more distant goal.' " *Hathaway*, 82 Or App at 514-15 (quoting *State v. Kessler*, 297 Or 460, 465, 686 P2d 345 (1984)). On that basis, we concluded in *Hathaway* that, "[a]lthough defendant may have had the objective in making each delivery (to receive payment for delivering illegal drugs), her objective was not a *single* one." *Id*. (emphasis in

Defendant does not claim, in any event, that jeopardy attached to those dismissed claims.

original); *see also State v. Smith*, 95 Or App 683, 687, 770 P2d 950 (1989) ("[A]lthough defendant may have had a long term goal of selling controlled substances to customers and may have been doing so for some time, we conclude that he evinced discrete criminal objectives in making each delivery."); *State v. Black*, 89 Or App 359, 364, 749 P2d 1185 (1988) ("A string of thefts repeated at particular times over a long duration cannot be converted into a single crime solely because the perpetrators' methods and objectives were similar."). Here, although defendant's manufacture and delivery of drugs may have furthered a long-term goal of trafficking in illegal narcotics and obtaining money, defendant's short-term goals of manufacturing drugs and selling part of the manufactured supply to a purchaser are discrete activities and do not constitute a single criminal objective.

Affirmed.